UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIN HOWARD FISCHER,

    Plaintiff,

    v.

WINCHESTER MYSTERY HOUSE, *et al.*,

    Defendants.

Case No. 14-cv-01593-JD

**ORDER DISMISSING CASE**

Re: Dkt. Nos. 3, 5, 6, 9, 11

Plaintiff, a patient at a state hospital, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and an amended complaint (Docket No. 10) that the Court has reviewed.

## DISCUSSION

### I. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

Plaintiff, who is currently in Atascadero State Hospital, states that he purchased the Santa Clara Winchester Mystery house in 1974 for $2.23 million and he seeks possession of the property from the current owners.[1]

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, federal jurisdiction may be invoked if a civil action arises under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331, or if there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Plaintiff's complaint fail to state a claim under 42 U.S.C. § 1983. There are no allegations that anyone acted under the color of state law or that plaintiff was deprived of a Constitutional right. There is no diversity between the parties to allow for jurisdiction and plaintiff only presents conclusory allegations about a purported business deal done 40 years ago.

---

[1] In the remainder of the complaint, plaintiff states that he served in the military for various countries and worked closely with several presidents. He also states that certain promises were made to him by Jacqueline Kennedy Onassis.

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000); *see also, Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). This appears to be one of those relatively rare cases when to grant plaintiff further leave to amend would be patently futile. This case is dismissed with prejudice.

## CONCLUSION

1. Plaintiff's motion to proceed in forma pauperis (Docket Nos. 9, 11) is **GRANTED**.

2. The complaint is **DISMISSED** with prejudice for the reasons set forth above.

3. Plaintiff's remaining motions (Docket Nos. 3, 5, 9) are **DENIED**.

**IT IS SO ORDERED.**

Dated: May 29, 2014

_____
JAMES DONATO
United States District Judge

14-cv-01593-JD-_dis